IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JERRY LEE DARNELL                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 1:16-cv-30-HSO-JCG

JAIME JIMENEZ, ET AL.                                        DEFENDANTS

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Plaintiff's Motion for Default Judgment (ECF No. 21). Because the Court finds that Plaintiff has failed to properly serve Defendants Latasha Clay, Joseph Cooley, Unknown Green, Unknown Hardy, Jaime Jimenez, or Ronald Woodall, Plaintiff's motion should be denied. Additionally, the Clerk's Entry of Default against those defendants should be set aside.

**Background**

Plaintiff Jerry Lee Darnell is an inmate incarcerated with the Mississippi Department of Corrections (MDOC) at Southern Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. In his complaint, which he filed on February 3, 2016, he alleges numerous violations of his constitutional rights under 42 U.S.C. § 1983. (ECF No. 1). Mr. Darnell was denied leave to proceed *in forma pauperis* on February 23, 2016 (ECF No. 6), but he paid the filing fee in full on March 17, 2016. He was issued summons on April 8, 2016 (ECF No. 12), which he returned executed on April 21, 2016 (ECF No. 16, ECF No. 17). Mr. Darnell moved for and received an entry of default on May 26, 2016 after Defendants failed to

timely answer or otherwise respond to his complaint. He filed the instant Motion for Default Judgment the same day.

**Discussion**

In his Motion, Mr. Darnell requests that the Court enter an order of default judgment because "[t]he defendants were instructed by the summons to serve an answer within 21 days of service" and "to date none of the Defendants have replied." (ECF No. 21, at 1). Moreover, he states that Defendants have each properly received the summons and a copy of the complaint:

> [O]n April 4, 2016 4 summons(s) were given to Latasha Taylor, the Mail Inspector at South Mississippi Correctional Institution (SMCI) to hand deliver to Nurse Kera D. Harfy, Officer Kim Green, Latasha Clay, and Ronald Woodall who are all employees at SMCI (SEE EXHIBIT–A, B). Also on April 18, 2016 2 summons(s) were given to Ashely N. Corey a Inmate Legal Assistance Program employee at SMCI to mail through postal service to Joseph Cooley and Jaime Jimenez (SEE EXHIBIT–A, C).

*Id.*

    **A. Legal Standard**

"Defaults are not favored and their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991). "[E]ntries of default are serious; 'where there are no intervening equities[,] any doubt should … be resolved in favor … of securing a trial upon the merits." *Id.* (second and third alterations in original) (quoting *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000)). An entry of default may be set aside under Federal Rule of Civil Procedure 55(c) for "good cause," and this requirement of good cause "ha[s]

generally been interpreted liberally". *Effjohn*, 346 F.3d at 563 (alteration in original) (quoting *Amberg*, 934 F.2d at 685).

**B. Analysis**

Because the Court finds that none of the Defendants were properly served, good cause exists to set aside the entry of default. Plaintiff's Motion for Default Judgment should therefore be denied.

Plaintiff states that he effected service of process by giving the summons to Latasha Taylor, the Mail Inspector at SMCI, and Ashley Corey, an employee of the Inmate Legal Assistance Program (ILAP). He indicated on his proof of service sheets that this method of service was proper because Ms. Taylor and Ms. Corey were designated by law to accept service of process on behalf of SMCI and ILAP. Even overlooking the fact that (1) he was attempting to serve six individual defendants – not the entities SMCI and ILAP – and (2) Ms. Taylor and Ms. Corey are not agents designated to receive service of process for either of those entities, Mr. Darnell failed to comply with Federal Rule of Civil Procedure 4(e).

Rule 4(e) provides that an individual may be served by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," (2) "delivering a copy of the summons and of the complaint to the individual personally," (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of

3

process." Mississippi Rule of Civil Procedure 4 offers the same options of personal service, domiciliary service, or service upon a designated agent, but also adds the option of service by mail. *See* Miss. R. Civ. P. 4(c)(3). In order to effect service of process by mail, however, a notice and acknowledgement form must accompany the summons and complaint, which must then be signed and returned as receipts of service by the receiving party in order for service by mail to be complete. *See id.*

Mr. Darnell gave Latasha Taylor four summons to deliver to Defendants Harfy, Green, Clay, and Woodall. (ECF No. 21, at 1). As the "Mail Inspector" at SMCI, Latasha Taylor is neither a process server nor designated to receive service of process on behalf of any of those individuals. Handing the summons to Latasha Taylor did not comport with any of the four options for service of process outlined in Federal Rule of Civil Procedure 4.

Mr. Darnell gave Ashley Corey two summons to mail to Defendants Cooley and Jimenez. (ECF No. 21, at 1). Again, Ashley Corey is not designated to receive service of process on behalf of Cooley or Jimenez. Even assuming that Defendants Cooley and Jimenez received Plaintiff's complaint and summons, the Court has not been presented with signed notice and acknowledgement receipts (Plaintiff also never indicated that he sent notice and acknowledgement forms in the first place). Accordingly, Plaintiff has not properly effected service of process upon Defendants Cooley and Jimenez.

Because Mr. Darnell failed to comply with Rule 4, good cause exists to set aside the entry of default. *Johnson v. Shinseki*, No. 3:14-cv-304-DPJ-FKB, 2014 WL

5363781, at *3 (S.D. Miss. Oct. 21, 2014). Indeed, any judgment entered by the Court would be void for lack of jurisdiction due to insufficient service of process. *See Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 306 (5th Cir. 2014) (quoting *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986)) ("If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside."). Plaintiff's Motion for Default Judgment (ECF No. 21) should therefore be denied and the Clerk's Entry of Default as to Latasha Clay, Joseph Cooley, Unknown Green, Unknown Hardy, Jaime Jimenez, and Ronald Woodall (ECF No. 30) should be set aside.

### III. RECOMMENDATIONS

The undersigned recommends that Jerry Lee Darnell's Motion for Default Judgment (ECF No. 21) be DENIED, and that the Clerk's Entry of Default as to Latasha Clay, Joseph Cooley, Unknown Green, Unknown Hardy, Jaime Jimenez, and Ronald Woodall (ECF No. 30) be set aside.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of the court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

5

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred except upon grounds of plain error, from attacking on appeal any proposed factual findings or legal conclusions adopted by the Court to which he did not object. *Douglas v. United Servs. Automobile Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 13th day of July, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE