IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERRY LEE DARNELL** | § | **PLAINTIFF** |
| | § | |
| | § | |
| v. | § | Civil No. 1:16CV30-HSO-JCG |
| | § | |
| | § | |
| **DR. JAIME JIMENEZ,** *et al.* | § | **DEFENDANTS** |

**<u>ORDER OVERRULING PLAINTIFF'S [29] OBJECTION TO [23] REPORT AND RECOMMENDATION; ADOPTING [23] REPORT AND RECOMMENDATION; DENYING PLAINTIFF'S [21] MOTION FOR DEFAULT JUDGMENT; SETTING ASIDE CLERK'S [20] ENTRY OF DEFAULT; AND GRANTING PLAINTIFF UNTIL NOVEMBER 18, 2016, TO PROPERLY SERVE DEFENDANTS</u>**

BEFORE THE COURT is Plaintiff Jerry Lee Darnell's [29] Objection to the Report and Recommendation [23] of United States Magistrate Judge John C. Gargiulo, which recommends denying Plaintiff's Motion for Default Judgment [21] and setting aside the Clerk's Entry of Default entered as to Defendants Latasha Clay, Joseph Cooley, Unknown Green, Unknown Hardy, Jaime Jimenez, and Ronald Woodall.  After due consideration of Plaintiff's Objection [29], the Magistrate Judge's Report and Recommendation [23], Plaintiff's Motion for Default Judgment [21], the record, and relevant legal authority, the Court is of the opinion that Plaintiff's Objection [29] should be overruled, that the Magistrate Judge's Report and Recommendation [23] should be adopted as the finding of the Court, that Plaintiff's Motion for Default Judgment [21] should be denied, and that the Clerk's Entry of Default [21] should be set aside.

Plaintiff will be granted until **November 18, 2016**, to properly serve Defendants Latasha Clay, Joseph Cooley, Unknown Green, Unknown Hardy, Jaime Jimenez, and Ronald Woodall in the manner required by Federal Rule of Civil Procedure 4, and file the proper proofs of service with the Clerk of Court. Plaintiff is warned that should he fail to properly serve any of these Defendants and/or fail to file proper proof of said service by **November 18, 2016,** any unserved Defendant may be dismissed without prejudice without further notice to Plaintiff, unless Plaintiff is able to show good cause for such failure.

I. BACKGROUND

Plaintiff Jerry Lee Darnell ("Plaintiff") is an inmate currently incarcerated with the Mississippi Department of Corrections ("MDOC") at Central Mississippi Correctional Institution ("CMCF") in Pearl, Mississippi.[1] On February 3, 2016, Plaintiff filed a Complaint [1] alleging numerous violations of his constitutional rights under 42 U.S.C. § 1983. The Complaint named as Defendants Dr. Jaime Jimenez, Southern Eye Center; Nurse Hardy; Dr. Ronald Woodall; Joseph Cooley, Investigator II and Director of Administrative Remedy Program; South Mississippi Correctional Institution ("SMCI"); Latasha Clay, Legal Department; and Officer Greene, Transport.

On February 23, 2016, the Court denied Plaintiff leave to proceed *in forma pauperis*, Order [6] at 2, but Plaintiff paid the filing fee in full on March 17, 2016.

---

[1] At the time he filed his Complaint, Plaintiff was incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi. *See* Compl. [1] at 1.

On April 8, 2016, the Clerk of Court issued Summonses for Defendants Jimenez, Hardy, Woodall, Cooley, Clay, and Green.  On April 21, 2016, the Summonses were returned executed as to those Defendants.  *See* Proofs of Service [17] at 1-8; Proofs of Service [18] at 1-4.

As for Clay, Woodall, and Hardy, Plaintiff avers in the Proof of Service that he served their Summonses on Latasha Taylor, whom Plaintiff asserts "is designated by law to accept service of process on behalf of . . . SMCI – Mail Inspector . . . ."  Proofs of Service [17] at 2, 4, 6, 8.  With respect to Cooley and Jimenez, Plaintiff declares that he served their Summonses on Ashley N. Corey, whom Plaintiff maintains "is designated by law to accept service of process on behalf of . . . SMCI, ILAP Department . . . ."  Proofs of Service [18] at 2, 4.  Plaintiff signed all of the Proofs of Service as the process server.  *See* Proofs of Service [17] at 2, 4, 6, 8; Proofs of Service [18] at 2, 4.

Upon Plaintiff's request, the Clerk of Court entered a default [20] as to these Defendants on May 26, 2016.  Entry of Default [20] at 1.  On May 26, 2016, Plaintiff moved [21] for a Default Judgment against Jimenez, Hardy, Woodall, Cooley, Clay, and Green.  On July 13, 2016, United States Magistrate Judge John C. Gargiulo entered a Report and Recommendation [23] recommending that Plaintiff's Motion for Default Judgment [21] be denied and that the Clerk's Entry of Default be set aside.  R. & R. [23] at 5.  On August 1, 2016, Plaintiff filed a Response [29] to the Report and Recommendation [23], which the Court construes as an Objection.

## II. DISCUSSION

A. <u>The Court applies a de novo standard of review.</u>

"[R]ulings by a magistrate judge on dispositive matters—motions to dismiss and for entry of summary judgment being the common examples—are . . . subject to de novo review when properly challenged by the losing party." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 762 (5th Cir. 2016) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). 28 U.S.C. § 636(b)(1) provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

B. <u>Plaintiff's Motion for Default Judgment should be denied.</u>

The dispositive legal issue presented is whether Plaintiff properly served Defendants Jimenez, Hardy, Woodall, Cooley, Clay, and Green. Having reviewed the record, the Court finds that Plaintiff's attempted service upon these Defendants was replete with errors.

Federal Rule of Civil Procedure 4(c)(2) provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Rule 4(e) provides that an individual may be served by

 (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
 (2) doing any of the following:
  (A) delivering a copy of the summons and of the complaint to the individual personally;
  (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion

>       who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Mississippi Rule of Civil Procedure 4(c)(1) also requires that a summons and complaint, unless served by a sheriff or by publication, "be served by any person *who is not a party* and is not less than 18 years of age." Miss. R. Civ. P. 4(c)(1) (emphasis added). Mississippi Rule of Civil Procedure 4(d)(1) permits service by a sheriff or process server

> [u]pon an individual other than an unmarried infant or a mentally incompetent person,
> (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or
> (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.

Miss. R. Civ. P. 4(d)(1).

As a party to this action, Plaintiff was not authorized to personally serve any of the Defendants. *See* Fed. R. Civ. P. 4(c)(2); Miss. R. Civ. P. 4(c)(1). Nor is there any indication that Plaintiff actually served any of these Defendants. Instead, for Defendants Clay, Woodall, and Hardy, Plaintiff purportedly served their Summonses on Latasha Taylor, whom Plaintiff asserts "is designated by law to

accept service of process on behalf of . . . SMCI – Mail Inspector . . . ." Proofs of Service [17] at 2, 4, 6, 8. With respect to Cooley and Jimenez, Plaintiff declares that he served the Summonses on Ashley N. Corey, whom Plaintiff maintains "is designated by law to accept service of process on behalf of . . . SMCI, ILAP Department . . . ." Proofs of Service [18] at 2, 4.

Plaintiff asserts in his Objection [29] that Latasha Taylor and Ashley N. Corey are both over 18 years old and that they delivered or mailed the Summonses and Complaint to the individual Defendants. Obj. [29] at 1. Plaintiff has not filed a proof of service signed under declaration of penalty of perjury by either Taylor or Corey indicating that either person in fact actually served Jimenez, Hardy, Woodall, Cooley, Clay, or Green. The Proofs of Service executed and filed by Plaintiff merely indicate that Plaintiff himself served Taylor and Corey. *See* Proofs of Service [17] at 2, 4, 6, 8; Proofs of Service [18] at 2, 4.

There is no suggestion, or even an allegation, in the record that either Taylor or Corey is an agent authorized by appointment or by law to receive service of process upon behalf of the individual Defendants Jimenez, Hardy, Woodall, Cooley, Clay, or Green. Plaintiff's purported service upon these Defendants was ineffective.

While Plaintiff has presented evidence that Jimenez received notice of this lawsuit, *see* Letter [29-1] at 1, "[t]he defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements," *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be

satisfied." *Omni Capital Intern., Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

For the foregoing reasons, Plaintiff has not shown that he is entitled to a default judgment.

C.  <u>The Clerk's Entry of Default should be set aside.</u>

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). Because Defendants Jimenez, Hardy, Woodall, Cooley, Clay, and Green have not been properly served, the time limit for answering or otherwise responding to the Complaint has not yet expired. The Court therefore finds sufficient good cause to set aside the Clerk's Entry of Default as to these Defendants, who have not been properly served.

D.  <u>Plaintiff will be granted additional time to effect service upon these Defendants.</u>

As Plaintiff was made aware in a Memorandum [9] from the Clerk of Court mailed to Plaintiff on March 18, 2016, Plaintiff "is responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure." Mem. [9] at 1. Federal Rule of Civil Procedure 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Proof of good cause requires at least as much as would be required to show

excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation omitted). "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Id.*

In this case, Plaintiff has detailed some difficulties he has experienced in attempting to serve process upon the individual Defendants. Based upon the record as a whole, the Court finds that an extension of time in which to serve Defendants Jimenez, Hardy, Woodall, Cooley, Clay, and Green is appropriate.

If Plaintiff elects to attempt to serve any of these Defendants, he must first have alias summonses issued by the Clerk's office using the same procedure delineated by the Clerk in the March 18, 2016, Memorandum. The Court will direct the Clerk of Court to send Plaintiff a copy of this Order along with summons forms.

As stated in this prior Memorandum [9], Plaintiff is required to complete the summons forms and return them to the Court. A copy of the Complaint should be attached to each summons Plaintiff submits for issuance, and Plaintiff should submit two copies of the summons along with each original summons he submits for issuance. Plaintiff is also required to provide a self-addressed, stamped envelope. The Court will issue the properly completed summons(es), and return the summons(es) to Plaintiff in the self-addressed, stamped envelope he provides to the Court. Once the Court issues the summons(es), the summons(es) will be returned to Plaintiff for service in compliance with Federal Rule of Civil Procedure 4. This includes filing a proof of service as required by Rule 4(l).

Plaintiff has already had over 250 days to serve Defendants since he filed his Complaint on February 3, 2016, and over 210 days to serve Defendants since Plaintiff paid his filing fee on March 17, 2016, and since the Clerk sent him the Memorandum dated March 18, 2016. For this reason, Plaintiff must properly serve these Defendants in the manner required by Federal Rule of Civil Procedure 4, and must file the proper proofs of service with the Clerk of Court, all by **November 18, 2016**. Plaintiff is warned that should he fail to properly serve any of these Defendants and/or fail to file proper notice of said service by **November 18, 2016**, any unserved Defendant may be dismissed without prejudice without further notice to Plaintiff, unless Plaintiff is able to show good cause for such failure. *See* Fed. R. Civ. P. 4(m).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Jerry Lee Darnell's Objection [29] to the Magistrate Judge's Report and Recommendation [23] is **OVERRULED**, and the Report and Recommendation [23] of United States Magistrate Judge John C. Gargiulo, entered in this case on July 13, 2016, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Jerry Lee Darnell's Motion for Default Judgment [21] is **DENIED**, and the Clerk's Entry of Default [20] is hereby **SET ASIDE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff must properly serve Defendants Latasha Clay, Joseph Cooley, Unknown Green,

Unknown Hardy, Jaime Jimenez, and Ronald Woodall in the manner required by Federal Rule of Civil Procedure 4, and must file the proper proofs of service with the Clerk of Court, all by **November 18, 2016**. **Plaintiff is warned that should he fail to properly serve any of these Defendants and/or fail to file proper notice of said service by November 18, 2016, any unserved Defendant may be dismissed without prejudice without further notice to Plaintiff, unless Plaintiff is able to show good cause for such failure.**

      **IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court shall mail a copy of this Order along with summons forms to Plaintiff at his last known address.

      **SO ORDERED AND ADJUDGED**, this the 17th day of October, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE