# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **JERRY LEE DARNELL** | **PLAINTIFF** |
| v. | CIVIL ACTION NO. 1:16-cv-30-HSO-JCG |
| **JAIME JIMENEZ, ET AL.** | **DEFENDANTS** |

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Plaintiff's second Motion for Default Judgment (ECF No. 40). Because the Court finds that Plaintiff has failed to properly serve Defendants Latasha Clay, Joseph Cooley, Kim Green, Kera D. Hardy, Jaime Jimenez, Ronald Woodall, Centurion Medical Provider, South Mississippi Correctional Facility, or Southern Eye Center, the undersigned recommends that Plaintiff's Motion (ECF No. 40) be denied. Additionally, because Plaintiff proceeds *pro se*, the undersigned recommends that Plaintiff be given one final opportunity to properly serve Defendants and file proofs of such service.

## I. BACKGROUND

Plaintiff Jerry Lee Darnell is an inmate incarcerated with the Mississippi Department of Corrections (MDOC) at Winston-Choctaw County Regional Correctional Facility (WCCRCF) in Louisville, Mississippi. In his complaint, which he filed on February 3, 2016, he alleges numerous violations of his constitutional rights under 42 U.S.C. § 1983. (ECF No. 1).

Mr. Darnell was denied leave to proceed *in forma pauperis* on February 23, 2016 (ECF No. 6), but he paid the filing fee in full on March 17, 2016. He was issued summons on April 8, 2016 (ECF No. 12), which he returned executed on April 21, 2016 (ECF No. 16, ECF No. 17). After Defendants did not file responsive pleadings, Mr. Darnell moved for and received an entry of default on May 26, 2016. He also filed a Motion for Default Judgment the same day (ECF No. 21). On October 17, 2016, District Judge Ozerden issued an Order (ECF No. 30) adopting the undersigned's Report and Recommendation (ECF No. 23) that Plaintiff's Motion for Default Judgment be denied and that the clerk's entry of default be set aside. Judge Ozerden gave Plaintiff until November 18, 2016 to properly serve Defendants. Plaintiff later moved for and was granted an extension of time – until December 9, 2016 – to complete service of process and file proof of such service. *See* Text Order Nov. 18, 2016.

On December 12, 2016, Plaintiff filed a document titled "Proof of Service" (ECF No. 36), which includes United States Postal Service Certified Mail receipts addressed to Kim Green, Ronald Woodall, MD, Dr. Jaime Jimenez, Joseph Cooley, and Kera Hardy, and related tracking information from USPS.com. On December 19, 2016, Plaintiff filed copies of the alias summons that had been issued by the Clerk on October 27, 2016. (ECF No. 37). Plaintiff then filed proofs of service associated with these summons, each of which is signed by Tekeshia Jones and indicates that summons were delivered by certified mail, on December 29, 2016. (ECF No. 38). On January 23, 2017, Plaintiff filed a document titled "Affidavit"

2

(ECF No. 39), in which Plaintiff states, "All required documents have been turned into the Court. The [sic] Summons's and the Proof of Service through certified mail."

Finally, on February 26, 2017, Plaintiff filed the instant Motion for Default Judgment (ECF No. 40), in which Plaintiff asserts "[t]hat on December 19, 2016 all summons(s) were received by the Court, …on December 29, 2016 Proofs of Service were received by the Court … and both filed." (ECF No. 40, at 1). Further, says Plaintiff, "defendants have not served an answer within 21 days of Service, as required." *Id.* Plaintiff requests that the Court enter a default judgment against Defendants and set a hearing for determination of damages. *Id.*

## II. DISCUSSION

Having reviewed Plaintiff's submissions and relevant law, the undersigned concludes that Plaintiff is not entitled to a default judgment against Defendants for several reasons. As an initial matter, Federal Rule of Civil Procedure 55 "sets forth a two-step process for a party seeking default judgment: entry of a default, followed by entry of a default judgment." *Teamsters Local 639-Emp'rs Health Trust v. Boiler & Furnace Cleaners, Inc.*, 571 F. Supp. 2d 101, 106 (D.D.C. 2008); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 2682 (4th ed. 2017) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). To date, Plaintiff has neither moved for nor received a Clerk's entry of default against any defendant since the prior Clerk's Entry of Default (ECF No. 20) was set aside.

*See* (ECF No. 30). Plaintiff's Motion for Default Judgment (ECF No. 40) is therefore premature and should be denied.

Even were Plaintiff to have sought a timely Clerk's entry of default, he has not proven that he is entitled to such relief because he has not demonstrated that he has properly served defendants.

Federal Rule of Civil Procedure 4(c)(2) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Rule 4(e) provides that an individual may be served by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," (2) "delivering a copy of the summons and of the complaint to the individual personally," (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Mississippi, as both the state in which this Court is located and the state of which Defendants are alleged to be citizens, provides the relevant state law for Rule 4(e)(1). Mississippi Rule of Civil Procedure 4 offers the same options of personal service, domiciliary service, or service upon a designated agent, but also adds the option of service by first-class mail, postage prepaid. *See* Miss. R. Civ. P. 4(c)(3). In order to effect service of process by mail, however, a notice and acknowledgement form – "substantially conforming" to Form 1-B in Appendix A of the Mississippi

4

Rules of Civil Procedure – must accompany the summons and complaint. *Id.* Further, "to accomplish service of process by mail [under Rule 4(c)(3)], the defendant must return a properly executed acknowledgment to the plaintiff" within twenty days. *Tucker v. Williams,* 7 So.3d 961, 965 (Miss. Ct. App. 2009); Miss. R. Civ. P. 4(c)(3)(B). On this point, "Mississippi law is clear." *Hoffman v. Able Body Temp. Servs., Inc.*, No. 1:09-cv-779-HSO-JMR, 2010 WL 1912746, at *2 (S.D. Miss. May 10, 2010).

The documents filed by Plaintiff suggest that he attempted service of process by certified mail. However, "[t]he Mississippi Rules of Civil Procedure do not permit service of process on in-state defendants by certified mail." *Shorty v. Sparkman*, No. 5:12-CV-114 DCB MTP, 2013 WL 4773943, at *2 (S.D. Miss. Sept. 4, 2013) (citing *See* Miss. R. Civ. P. 4(c); *Triple C Transp., Inc. v. Dickens,* 870 So. 2d 1195, 1198 (Miss. 2004)). Furthermore, to the extent that Plaintiff was attempting to complete service of process pursuant to Mississippi Rule of Civil Procedure 4(c)(3), Plaintiff has failed to comport with the requirements of Mississippi Rule of Civil Procedure 4(c)(3) in two significant ways.

First, it appears that Plaintiff mailed only summons – without an accompanying copy of Plaintiff's Complaint – to Defendants. Plaintiff stated in a letter accompanying the copies of alias summons that "[a]ttached are the summons(es) for each Defendant…. Tekeshia Jones will be sending the Proof of Service forms because she mailed the summons through the post-office certified mail for me." (ECF No. 37, at 1). The proofs of service signed by Tekeshia Jones

5

state that the summons were "sent … by certified mail." (ECF No. 38, at 1-6). Nothing indicates that a copies of the Complaint were mailed with the alias summons.

Second, no notice and acknowledgement form is shown to have accompanied the mailed summons. Moreover, even if a proper notice and acknowledgement form had accompanied each of the summons, service would not have become complete unless Defendants had executed and returned the notice and acknowledgement form within twenty days of mailing. Miss. R. Civ. P. 4(c)(3)(B). Without a timely executed and returned form, "the serving party must utilize another method of service." *Shorty*, 2013 WL 4773943, at *2 (citing Miss. R. Civ. P. 4(c)(3)(B)).

## III. RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that Plaintiff Jerry Lee Darnell's Motion for Default Judgment (ECF No. 40) be DENIED and that Plaintiff be given one final opportunity to properly serve Defendants and file proofs of such service. However, should Plaintiff fail to complete service of process within the time to-be-specified by District Judge Ozerden for this final opportunity, the undersigned recommends that unserved Defendants be dismissed without prejudice and without further notice to Plaintiff.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the

clerk of the court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred except upon grounds of plain error, from attacking on appeal any proposed factual findings or legal conclusions adopted by the Court to which he did not object. *Douglas v. United Servs. Automobile Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 17th day of May, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE