IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERRY LEE DARNELL** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:16cv30-HSO-JCG |
| | § | |
| **JAIME JIMENEZ**, *et al.* | § | **DEFENDANTS** |

### ORDER ADOPTING MAGISTRATE JUDGE'S [42] REPORT AND RECOMMENDATION; DENYING PLAINTIFF'S [40] MOTION FOR DEFAULT JUDGMENT; AND GIVING PLAINTIFF ONE FINAL OPPORTUNITY TO PROPERLY SERVE DEFENDANTS

This matter comes before the Court on the Report and Recommendation [42] of United States Magistrate Judge John C. Gargiulo, entered in this case on May 17, 2017, and the Motion for Default Judgment [40] filed by Plaintiff Jerry Lee Darnell on February 16, 2017. Based upon the Magistrate Judge's review of the record and relevant legal authority, he recommended that Plaintiff's Motion for Default Judgment [40] be denied, and that Plaintiff be given one final opportunity to serve Defendants and file proofs of such service. R. & R. [42] at 6. Should Plaintiff fail to complete service of process within a time specified by the Court, the Magistrate Judge recommended that unserved Defendants be dismissed without prejudice and without further notice to Plaintiff. *Id.* Plaintiff has not filed any objection to the Report and Recommendation [42], and the time for doing so has passed.

For the reasons that follow, the Court finds that the Report and

1

Recommendation [42] should be adopted in its entirety as the finding of this Court, that Plaintiff's Motion [40] for Default Judgment should be denied, and that Plaintiff should be given one final opportunity to properly serve Defendants and file proper proofs of such service with the Clerk of Court, all in accordance with Federal Rule of Civil Procedure 4 and all on or before **August 3, 2017**. **Plaintiff is warned that should he fail to properly serve any Defendant or fail to file a proper proof of service in the record as to any Defendant by August 3, 2017, that Defendant will be dismissed without prejudice, without further notice to Plaintiff.**

I. BACKGROUND

Plaintiff Jerry Lee Darnell ("Plaintiff") is an inmate currently incarcerated with the Mississippi Department of Corrections ("MDOC") at Winston-Choctaw County Regional Correctional Institution ("WCCRCF") in Louisville, Mississippi. On February 3, 2016, Plaintiff filed a Complaint [1] alleging numerous violations of his constitutional rights under 42 U.S.C. § 1983. The Complaint named as Defendants Dr. Jaime Jimenez, Southern Eye Center; Nurse Hardy; Dr. Ronald Woodall; Joseph Cooley, Investigator II and Director of Administrative Remedy Program; South Mississippi Correctional Institution ("SMCI"); Latasha Clay, Legal Department; and Officer Greene, Transport.

On February 23, 2016, the Court denied Plaintiff leave to proceed *in forma pauperis*, Order [6] at 2, and Plaintiff paid the filing fee in full on March 17, 2016. On March 18, 2016, the Clerk of Court sent Plaintiff a Memorandum [9] explaining

that he is responsible for service of process upon Defendants pursuant to Federal Rule of Civil Procedure 4 and enclosing a copy of Rule 4. Mem. [9] at 1.

On April 8, 2016, the Clerk of Court issued Summonses for Defendants Jimenez, Hardy, Woodall, Cooley, Clay, and Green. On April 21, 2016, the Summonses were returned executed as to those Defendants. *See* Proofs of Service [17] at 1-8; Proofs of Service [18] at 1-4.

On May 26, 2016, Plaintiff moved [21] for a Default Judgment against Clay, Cooley, Green, Hardy, Jimenez, and Woodall. On October 17, 2016, the Court denied Plaintiff's Motion for Default Judgment [21] and set aside the Clerk's Entry of Default. Order [30] at 9. The Court directed Plaintiff to properly serve Clay, Cooley, Green, Hardy, Jimenez, and Woodall in the manner required by Rule 4 and to file the proper proofs of service with the Clerk of Court, all by November 18, 2016. *Id.* at 9-10. The Court warned Plaintiff that

> **should he fail to properly serve any of these Defendants and/or fail to file proper notice of said service by November 18, 2016, any unserved Defendant may be dismissed without prejudice without further notice to Plaintiff, unless Plaintiff is able to show good cause for such failure.**

*Id.* at 10 (emphasis in original). The Court directed the Clerk of Court to mail a copy of its Order along with summons forms to Plaintiff at his last known address. *Id.*

On November 17, 2016, Plaintiff filed a Motion for Extension of Time to Serve Process [33]. The Magistrate Judge granted Plaintiff's Motion [33] in part and denied it in part, *see* Nov. 18, 2016, Text Order, and ordered that "Plaintiff's

3

deadline to serve all defendants in compliance with Federal Rule of Civil Procedure 4 and file proof of such service is 12/9/2016. Plaintiff is reminded that it is his responsibility to prosecute the case," *id.*

On December 12, 2016, Plaintiff filed what he characterized as "Proof of Service by certified mail for all Defendants . . . ." Proof of Service [36] at 1. Plaintiff attached United States Postal Service ("USPS") production and tracking information from USPS.com indicating that four items had been mailed on November 15, 2016, via USPS certified mail, and were received in Leakesville, Mississippi, on November 16, 2016. Plaintiff also attached signed certified mail receipts, which indicate that articles addressed to "Kim Green," "Ronald Woodall, MD," "Dr. Jaime Jimenez," "Joseph Cooley," and "Kera D. Hardy" were delivered, though not all were signed for by the addressee. Proofs [36-2] at 1, 3, 5-6, 8. One addressed to "Latasha Clay" was returned to sender. *Id.* at 9.

On December 19, 2016, Plaintiff sent a letter to the Clerk of Court attaching alias Summonses which had been issued to each Defendant. Letter [37] at 1. Plaintiff stated that

> [t]he Court has the certified postal slips. I could not mail anything from WCCRF certified mail. Tekeshia Jones will be sending the Proof of Service forms because she mailed the summons [sic] through the post-office certified mail for me.

*Id.* Proofs of Service [38] were filed on December 29, 2016. Each was signed by Tekeshia Jones, who averred that she had "sent summons by certified mail." Proofs [38] at 1-5.

On February 16, 2017, Plaintiff filed a Motion for Default Judgment [40].

4

On May 17, 2017, the Magistrate Judge entered his Report and Recommendation [42]. The Magistrate Judge determined that Plaintiff was not entitled to a default judgment against Defendants for several reasons, including that (1) Plaintiff had neither moved for, nor received, a Clerk's entry of default against any Defendant since the prior Clerk's Entry of Default had been set aside, and (2) that Plaintiff had not demonstrated that he had properly served any Defendant. R. & R. [42] at 3-6. The Magistrate Judge recommended that Plaintiff's Motion for Default Judgment [40] be denied, and that Plaintiff be given one final opportunity to serve Defendants and file proofs of such service. *Id.* at 6. Should Plaintiff fail to complete service of process within the time specified by the Court, the Magistrate Judge recommended that the unserved Defendants be dismissed without prejudice and without further notice to Plaintiff. *Id.*

The Report and Recommendation [42] was mailed to Plaintiff on May 17, 2017. Any objection to the Magistrate Judge's Report and Recommendation [42] was due within fourteen (14) days of service. L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [42], and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection

5

is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. Federal Rule of Civil Procedure 4 does not itself authorize service by certified mail, *see* Fed. R. Civ. P. 4(e)(2), but does permit service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1); *see also, e.g., Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (holding service by certified mail, return receipt requested, is not a method established in Federal Rule of Civil Procedure 4(e), but is only sufficient if service complied with applicable state law). However, under Mississippi law, service by certified mail is not permitted upon an in-state defendant. *See* Miss. R. Civ. P. 4(c); *Triple C Transp., Inc. v. Dickens*, 870 So. 2d 1195, 1198 (Miss. 2004).

Even if one or more of Defendants in this case received a copy of the summons through certified mail, a "defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988). The Court will therefore adopt the Magistrate Judge's Report and Recommendation [42] as the opinion of this Court, will deny Plaintiff's Motion for Default Judgment [40], and will give Plaintiff one final opportunity to

6

properly serve Defendants and file proofs of said service.

Over 15 months ago, on March 18, 2016, the Clerk of Court instructed Plaintiff that he "is responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure," and supplied Plaintiff with instructions and a copy of Rule 4. Mem. [9] at 1. Plaintiff has already had over 500 days to serve Defendants since he filed his Complaint on February 3, 2016, and over 450 days to serve Defendants since he paid his filing fee on March 17, 2016, and since the Clerk sent him the Memorandum dated March 18, 2016. However, the Court will grant Plaintiff one final extension of time to properly serve Defendants. Plaintiff must properly serve these Defendants and must file the proper proofs of service with the Clerk of Court, all in the manner required by Federal Rule of Civil Procedure 4, no later than **August 3, 2017**.

**Plaintiff is warned that should he fail to properly serve any Defendant or fail to file a proper proof of service in the record as to any Defendant by August 3, 2017, that Defendant will be dismissed without prejudice, without further notice to Plaintiff pursuant to Federal Rule of Civil Procedure 4(m).**

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [42] of United States Magistrate Judge John C. Gargiulo, entered on May 17, 2017, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion

7

for Default Judgment [40] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff must properly serve Defendants and must file the proper proofs of service with the Clerk of Court, all in accordance with Federal Rule of Civil Procedure 4, no later than **August 3, 2017.  Plaintiff is warned that should he fail to properly serve any Defendant or fail to file a proper proof of service in the record as to any Defendant by August 3, 2017, that Defendant will be dismissed without prejudice, without further notice to Plaintiff pursuant to Federal Rule of Civil Procedure 4(m).**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court shall mail a copy of this Order along with summons forms to Plaintiff at his last known address.

**SO ORDERED AND ADJUDGED**, this the 19th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE