IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEE DARNELL | § | PLAINTIFF |
| | § | |
| v. | § Civil No. 1:16cv30-HSO-JCG | |
| | § | |
| JAIME JIMENEZ, *et al.* | § | DEFENDANTS |

**ORDER DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE**

This matter is before the Court sua sponte for case management purposes pursuant to Federal Rule of Civil Procedure 4(m) and due to Plaintiff Jerry Lee Darnell's failure to comply with the Court's Orders to properly serve Defendants and file Proofs of Service. After due consideration of the record and relevant legal authority, the Court finds that Plaintiff's claims against all Defendants should be dismissed without prejudice.

I. BACKGROUND

Plaintiff Jerry Lee Darnell ("Plaintiff") filed a pro se Complaint [1] on February 3, 2016, pursuant to 42 U.S.C. § 1983. On February 23, 2016, the Court denied [6] Plaintiff's application [2] to proceed *in forma pauperis* and required him to pay the $400.00 filing fee within 30 days. Plaintiff paid the filing fee to the Clerk of Court on March 17, 2016.

On March 18, 2016, the Clerk sent Plaintiff a Memorandum [9] advising him that he "is responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure." Mem. [9] at 1. The Clerk supplied Plaintiff with detailed instructions for issuing a summons and explained that service in compliance with Federal Rule of Civil Procedure 4 was required. *Id.* The Clerk warned that if these steps were not taken, "this case may be dismissed as provided for in the Federal Rules of Civil Procedure." *Id.* The Clerk enclosed a copy of Rule 4 with the Memorandum to Plaintiff. *Id.*

On April 8, 2016, Plaintiff caused Summonses to be issued for Defendants Latasha Clay, Joseph Cooley, Unknown Green, Unknown Hardy, Jaime Jimenez, and Ronald Woodall. Plaintiff returned the Summonses as executed, but Plaintiff had signed each Proof of Service as the process server. *See* Proofs of Service [17], [18]. On May 26, 2016, Plaintiff moved [21] for a default judgment against Clay, Cooley, Green, Hardy, Jimenez, and Woodall. On October 17, 2016, the Court denied Plaintiff's Motion for Default Judgment [21] and set aside the Clerk's Entry of Default. Order [30] at 9. The Court directed Plaintiff to properly serve Clay, Cooley, Green, Hardy, Jimenez, and Woodall in the manner required by Rule 4 and to file the proper proofs of service with the Clerk of Court, all by November 18, 2016. *Id.* at 9-10. The Court warned Plaintiff that

> **should he fail to properly serve any of these Defendants and/or fail to file proper notice of said service by November 18, 2016, any unserved Defendant may be dismissed without prejudice without further notice to Plaintiff, unless Plaintiff is able to show good cause for such failure.**

*Id.* at 10 (emphasis in original). The Court directed the Clerk to mail a copy of its Order along with summons forms to Plaintiff at his last known address. *Id.*

On November 17, 2016, Plaintiff filed a Motion for Extension of Time to Serve Process [33]. The Magistrate Judge granted Plaintiff's Motion [33] in part and denied it in part, *see* Nov. 18, 2016, Text Order, and ordered that "Plaintiff's deadline to serve all defendants in compliance with Federal Rule of Civil Procedure 4 and file proof of such service is 12/9/2016. Plaintiff is reminded that it is his responsibility to prosecute the case," *id.*

On December 12, 2016, Plaintiff filed what he characterized as "Proof of Service by certified mail for all Defendants . . . ." Proof of Service [36] at 1. Plaintiff attached United States Postal Service ("USPS") production and tracking information from USPS.com indicating that four items had been mailed on November 15, 2016, via USPS certified mail, and were received in Leakesville, Mississippi, on November 16, 2016. Plaintiff also attached signed certified mail receipts which indicated that articles addressed to "Kim Green," "Ronald Woodall, MD," "Dr. Jaime Jimenez," "Joseph Cooley," and "Kera D. Hardy" were delivered, though not all were signed for by the addressee. Proofs [36-2] at 1, 3, 5-6, 8. One addressed to "Latasha Clay" was returned to sender. *Id.* at 9.

On December 19, 2016, Plaintiff sent a letter to the Clerk of Court attaching alias Summonses which had been issued for each Defendant. Letter [37] at 1. Plaintiff stated that

> [t]he Court has the certified postal slips. I could not mail anything from WCCRF certified mail. Tekeshia Jones will be sending the Proof of

Service forms because she mailed the summons [sic] through the post-office certified mail for me.

*Id*. Proofs of Service [38] were filed on December 29, 2016. Each was signed by Tekeshia Jones, who averred that she had "sent summons by certified mail." Proofs [38] at 1-5.

On February 16, 2017, Plaintiff filed another Motion for Default Judgment [40] which the Court denied on June 19, 2017, on grounds that Plaintiff had not properly served Defendants in accordance with Rule 4. *See* Order [45] at 6-8. The Court ordered as follows:

> Plaintiff must properly serve Defendants and must file the proper proofs of service with the Clerk of Court, all in accordance with Federal Rule of Civil Procedure 4, no later than **August 3, 2017. Plaintiff is warned that should he fail to properly serve any Defendant or fail to file a proper proof of service in the record as to any Defendant by August 3, 2017, that Defendant will be dismissed without prejudice, without further notice to Plaintiff pursuant to Federal Rule of Civil Procedure 4(m).**

*Id*. at 8 (emphasis in original).

Since that time, Plaintiff has filed nothing into the record, and has not sought to have alias summonses issued for any Defendant. The record is devoid of any indication that Plaintiff has actually attempted to serve any Defendant since the date of the Court's Order [45] entered on June 19, 2017.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides in relevant part that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good

> cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation omitted). "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Id.*

In contravention of this Court's Orders, Plaintiff has not filed the proper waivers or proofs of service. There is no indication from the record that any Defendant has ever been properly served, even though Plaintiff filed his Complaint [1] on February 3, 2016, over 550 days ago, and was informed by the Clerk of Court that he was responsible for service of process pursuant to Rule 4, *see* Mem. [9] at 1, on March 18, 2016, which was 510 days ago.

Plaintiff has been provided ample opportunity to properly serve Defendants and has simply failed to do so. Plaintiff has not shown good cause for his failure and has not demonstrated that there is any basis for granting a discretionary extension. The Court will dismiss Plaintiff's claims against Defendants without prejudice pursuant to Rule 4(m).

Even if dismissal was not appropriate under Rule 4(m), the Court would nevertheless dismiss Plaintiff's claims. In addition to Rule 4(m)'s 90-day service requirement, this Court also has the inherent authority to dismiss an action for Plaintiff's failure to prosecute. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31

(1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *See Link*, 370 U.S. at 630-31.

The record in this case is clear that Plaintiff has willfully failed to comply with this Court's Orders and with Rule 4(m) and has exhibited contumacious conduct. Plaintiff filed his Complaint [1] more than a year and a half ago. The Court has given Plaintiff adequate notice and additional time to properly serve Defendants. The Clerk of Court supplied Plaintiff with instructions and a copy of Rule 4, Mem. [9] at 1, which Plaintiff has not followed.

There is no indication in the record that Plaintiff has properly served Defendants, and it does not appear that Plaintiff has made any effort to serve them since the Court's last Order [45] was entered over seven weeks ago. The Court gave Plaintiff ample notice that he was required to properly serve all Defendants with process, failing which his claims may be dismissed. *See, e.g.,* Order [45] at 8; Order [30] at 10; Mem. [9] at 1.

Plaintiff has failed to properly serve Defendants within the time allowed under Rule 4(m), or within the additional time afforded him by this Court. Plaintiff has not sought an additional extension to serve Defendants, shown good cause for his failure, or otherwise demonstrated that an extension should be granted.

Moreover, it does not appear that Plaintiff has ever had summonses issued as to some Defendants, including South Mississippi Correctional Institution ("SMCI"), Centurion Medical Provider, and Southern Eye Center. Plaintiff's claims against Defendants should be dismissed without prejudice pursuant to Rule 4(m) and for failure to prosecute and comply with the Court's Orders.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's claims against all Defendants in this case are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this 11th day of August, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE